# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORWIN HARRIS,<br>　　Plaintiff,<br><br>　　v.<br><br>WARDEN MAY, *et al.*,<br>　　Defendants. | :<br>:<br>:<br>: CIVIL ACTION NO. 19-CV-0196<br>:<br>:<br>: FILED<br>:<br>: MAR 13 2019 |

## MEMORANDUM

JONES, J.                                                                                                       MARCH 13, 2019

*Pro se* Plaintiff Corwin Harris, who is currently incarcerated at the Curran-Fromhold Correctional Facility ("CFCF"), has filed this civil action pursuant to 42 U.S.C. § 1983 against Warden May, "Fraternal Order of Police and the Phila. Police Dept.," "Phila. Court of Common Pleas," "Phila. District Attorney Office," Samuel Hodges, Sr., Samuel Hodges, Jr., and Erin Thomas. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Harris leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I.    FACTS

Public dockets reflect that Harris is facing charges of burglary-overnight accommodations, person present, bodily injury crime, possession of firearm prohibited, aggravated assault, criminal trespass-break into structure, possession of instrument of crime, terroristic threats with intent to terrorize another, simple assault, and recklessly endangering another person. *Commonwealth v. Harris*, Docket No. CP-51-CR-0004435-2017 (Phila Ct. Common Pleas). Public dockets reflect that Harris's trial is scheduled to begin on June 3, 2019. *Id.*

According to charging documents attached to Harris' Complaint, these charges stem from an incident that occurred on March 17, 2017. On that date, Samuel Hodge was having a dispute with his girlfriend, Erin Thomas. (Compl. at 78, 93, 94.)[1] Thomas left the third floor of the residence and saw Harris come up the steps "holding a handgun with an extended magazine." (*Id.* at 78.) Harris entered the residence and started to beat and pistol-whip Hodge. (*Id.*) Harris "stopped beating [Hodge] and told him to get out of the property." (*Id.*) Hodge did so and called his father, the owner of the property (presumably, Samuel Hodge, Sr.). (*Id.*) Harris left several bullets on the floor of the apartment and picked several of them up as he was leaving. (*Id.* at 94.)

Harris fled the scene and was stopped by Officers Martinez and Carter. (*Id.* at 78.) They brought him back to the property, where they observed a handgun and an AR-15 assault rifle in the bathroom on the second floor. (*Id.*) They also observed "numerous live rounds" and "various chemical agents." (*Id.*) The owner of the property gave consent for a search, and during that search, officers recovered various weapons and ammunition, a bulletproof vest, and marijuana plants. (*Id.*)

Harris has now filed a 111-page Complaint in which he raises claims of constitutional violations stemming from his arrest and pretrial detention on these charges. However, the way in which Harris has pled his Complaint makes it difficult for the Court to understand the exact claims he is raising. Harris used this Court's form complaint for a prisoner filing a civil rights action pursuant to § 1983, but interspersed handwritten pages with the pages of the form complaint. He appears to raise several claims that take issue with his pending prosecution, arguing that he "had the right to break [up] a fight." (*Id.* at 8.) Harris also appears to take issue with how the prosecutors and the Judges have handled his pending criminal proceedings.

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

Harris also takes issue with the conditions of confinement at CFCF and PICC. He asserts that prisoners are subjected to "barbarian style gladiator matches" and that "sexually explicit photographs are traded." (*Id.* at 12.) Harris contends that he was denied law library access, church services, a blanket, and various toiletries. (*Id.* at 13.) He mentions being assaulted on various occasions, denied medication, and having been fed mace in his trays. (*Id.*) Harris then includes a list of correctional officers with his own descriptions—some of which are derogatory—of each. (*Id.* at 17-25.) As relief, Harris seeks $999,999,999,999.00. (*Id.* at 13.)

## II. STANDARD OF REVIEW

The Court will grant Harris leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Harris is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the

---

[2] However, as Harris is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

#### A. Failure to Comply with Federal Rules of Civil Procedure 8 and 10

As an initial matter, Harris's Complaint fails to comply with Rules 8(a) and 10 of the Federal Rules of Civil Procedure. The purpose of these rules is to make clear to the Court and the defendants the factual basis for a plaintiff's claims so that the defendants can meaningfully respond to those claims. *See, e.g., Fabian*, 2017 WL 3494219, at *3 ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted); *Young v. Centerville Clinic, Inc.*, No. Civ.A. 09-325, 2009 WL 4722820, at *3 (W.D. Pa. Dec. 2, 2009) ("The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief."). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)). "This standard operates in tandem with that of Rule 10," which requires

4

that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian*, 2017 WL 3494219, at *3 (citing Fed. R. Civ. P. 10).

Here, rather than raising his allegations in numbered paragraphs that conform with the Federal Rules of Civil Procedure, Harris has submitted a Complaint that has been prepared in what appears to be a piecemeal, stream-of-consciousness fashion. As noted above, Harris has interspersed the pages of the Court's form complaint with his own handwritten pages. It is difficult to understand the basis for his lawsuit and the nature of his claims against each Defendant because the pages jump from topic to topic in an incoherent manner. No defendant could be expected to meaningfully respond to Harris's Complaint without having to guess at his claims. While the Complaint could be dismissed on that basis alone, there are other reasons that warrant its dismissal, which the Court discusses below.

### B. The Complaint Fails to State a Claim as Pled

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Harris's Complaint fails to state a claim for relief at this time.

Harris names Warden May as the first named Defendant in this action. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate

5

indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Because Harris fails to mention Warden May in the body of his Complaint, he has not stated a basis for imposing liability against him. Thus, his claims against Warden May will be dismissed.

In his description of Warden May, Harris also refers to "the corrections officers employed at CFCF/PICC between 3-17-17 [and] 11/30/18." (Compl. at 4.) While not clear, it appears that Harris may be attempting to hold individual employees of CFCF and PICC liable through this reference. While it would be appropriate for Harris to identify defendants as "John Doe" or "Jane Doe" if he does not know their names, he is still obligated to explain how each individual he seeks to proceed against was personally involved in the violation of his constitutional rights, whether due to the official's own misconduct or the official's deliberate indifference to known deficiencies in a policy or procedure that violated his rights. *See Barkes*, 766 F.3d at 320. It is not appropriate for Harris to sue all employees unless each and every employee was personally involved in violating his rights. Thus, his allegations are insufficient to state a claim without any reference to which specific individuals engaged in what conduct. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014).

Harris also seeks to proceed against "Fraternal Order of Police and the Phila. Police Department." Nothing in the Complaint, however, suggests that the Fraternal Order of Police is a state actor subject to liability under § 1983. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). Moreover, the Philadelphia Police Department cannot be sued, as it is not a legal entity

6

separate from the City. *See Regalbuto v. City of Phila.*, 937 F. Supp. 374, 377 (E.D. Pa. 1995). To the extent Harris's claims against the Police Department could be construed to be brought against the City, it is insufficient. To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Harris has not done so here. Accordingly, his claims against the "Fraternal Order of Police and the Phila. Police Department" will be dismissed.

Harris also names the "Phila. Court of Common Pleas" as a Defendant in this matter. He also refers to "the listed judges who presided over issues stemming from 3-17-17 arrest of Defendant Corwin Harris." The Court of Common Pleas, however, is entitled to Eleventh Amendment immunity and is not a "person" subject to liability under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). Moreover, to the extent Harris seeks to proceed against any Judges based upon actions they have taken in their judicial capacity in his criminal proceedings, those Judges are entitled to judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Accordingly, Harris cannot proceed against the "Phila. Court of Common Pleas" and "the listed judges who presided over issues stemming from 3-17-17 arrest of Defendant Corwin Harris."

Harris also has named the "Phila. District Attorney Office" as a Defendant and also refers to "all district attorneys assigned to proceed in matters regarding Corwin Harris 2974 as a

7

defendant in court of common pleas as of 3-17-17 until present." However, the District Attorney's Office is not a proper party, as "all suits against any department of the City [of Philadelphia] must be brought in the name of the City itself because the departments of the City do not have an independent corporate existence." *City of Phila. v. Glim*, 613 A.2d 613, 616 (Pa. Commw. Ct. 1992). However, to the extent Harris's claims against the District Attorney's Office could be construed to be against the City, as discussed *supra*, Harris has failed to allege that a City policy or custom caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694. Moreover, to the extent Harris seeks to proceed against the prosecutors based on their roles in pursuing his prosecution, they are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Accordingly, Harris cannot proceed on his claims against the "Phila. District Attorney Office" (or the City itself) and "all district attorneys assigned to proceed in matters regarding Corwin Harris 2974 as a defendant in court of common pleas as of 3-17-17 until present."

Finally, Harris cannot maintain his § 1983 claims against Samuel Hodges, Sr., Samuel Hodges, Jr., and Erin Thomas. While not clear, it appears that Harris has named them as Defendants because of their roles as complainants and witnesses to the events that led to Harris's charges, and because Hodges Sr. gave consent for the police to search the residence. Nothing in the Complaint, however, suggests that these three Defendants are state actors. *See Kach*, 589 F.3d at 646. Rather, the Complaint and attachments suggest that they answered officers' questions and were not involved in the investigation. Reporting suspicious conduct to the police, and answering police questions about that conduct, without more, does not transform these individuals into state actors. *See Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 68

8

(3d Cir. 2006) ("[I]n the absence of a conspiracy with the police to violate constitutional rights, a business's summons of a police officer to deal with a possible disturbance, does not make it a state actor."); *Cooper v. Muldoon*, No. 05-4780, 2006 WL 1117870, at *2 (E.D. Pa. Apr. 26, 2006) ("Merely calling the police [or] furnishing information to the police . . . does not . . . transform a private entity into a state actor."). Moreover, the Court has not located any authority suggesting that an individual is transformed into a state actor merely by giving consent to search a residence. Thus, Harris's § 1983 claims against these Defendants will be dismissed as well.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Harris leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to Harris's right to file an amended complaint within thirty (30) days if he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

C. DARNELL JONES, II, J.

---

[3] The Complaint and attachments suggest that Hodges Jr. testified at Harris's preliminary hearing. Witnesses, however, enjoy absolute immunity from civil suit for damages based upon their proffered testimony. *See Briscoe v. LaHue*, 460 U.S. 325, 341-46 (1983). This immunity extends to pre-trial proceedings, such as preliminary hearings. *Williams v. Hepting*, 844 F.2d 138, 143 (3d Cir. 1988). Thus, even if Hodges were a state actor, he would be immune from any claims based on testimony he proffered at the preliminary hearing.

9